UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **MICHAEL WAYNE VEST**, an individual,<br><br>Plaintiff,<br><br>v.<br><br>**SHARKNINJA OPERATING, LLC.**, a Massachusetts Limited Liability Company,<br><br>Defendant. | Case No.: |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **MICHAEL WAYNE VEST** (hereafter referred to as "Plaintiff"), by and through his undersigned counsel, **JOHNSON BECKER, PLLC** and **BRODEUR-MCGAN**, **P.C.**, hereby submits the following Complaint and Demand for Jury Trial against Defendant **SHARKNINJA, LLC** (hereafter referred to as "Defendant SharkNinja" or "Defendant**"**) and alleges the following upon personal knowledge and belief, and investigation of counsel:

**NATURE OF THE CASE**

1. This is a product liability action seeking recovery for substantial personal injuries and damages suffered by Plaintiff after Plaintiff was seriously injured by a "Ninja Professional 1000W Blender."

2. Defendant SharkaNinja Operating, LLC manufactures, markets, imports, distributes and sell a wide-range of consumer products, including the subject "Ninja Professional 1000W Blender," which specifically includes the Model BL610 (hereafter referred to as "subject blender" or "Ninja blender(s)") that is at issue in this case.

3.    On or about June 9, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and unsafely packaged.

4.    Specifically, as Plaintiff was unpacking the blender to wash it prior to his first use, he was cut by the blade assembly, which was uncovered and unprotected within the box and its packaging.

5.    As a direct and proximate result of Defendant's conduct, the Plaintiff in this case incurred significant and painful bodily injuries, medical expenses, wage loss, physical pain, mental anguish, and diminished enjoyment of life.

## PLAINITFF MICHAEL WAYNE VEST

6.    Plaintiff is a resident of the City of Fort Myers, County of Lee, State of Florida and remains domiciled in the same.

7.    On or about June 9, 2022, Plaintiff suffered serious and substantial laceration injuries as the direct and proximate result of the Ninja blender's blade assembly being improperly and safely packaged. Specifically, as Plaintiff was unpacking the blender to wash it, he was cut by the blade assembly, which was uncovered and unprotected within the box and its packaging.

## DEFENDANT SHARKNINJA OPERATING, LLC

8.    Defendant SharkNinja designs, manufacturers, markets, imports, distributes and sells a variety of consumer products, including the subject Ninja blender.

9.    Defendant SharkNinja is a limited liability company organized under the laws of the State of Delaware with its principal place of business in Massachusetts, whose sole member is EP Midco LLC, a Massachusetts limited liability company created and organized under the laws of the State of Delaware with its principal place of business in Needham, Massachusetts, whose sole member is Global Appliance, LLC, a Delaware limited liability company with its principal place of

business in Massachusetts, whose sole member is Global Appliance UK Holdco Ltd., a corporation organized under the laws of the United Kingdom with its principal place of business located in England. Global Appliance UK Holdco Ltd. is a private limited company organized under the laws of England and Wales with its principal place of business in Leeds, England. SharkNinja Appliance UK Holdco Limited is wholly owned by SharkNinja Global SPV, Ltd., an exempted company incorporated in the Cayman Islands, which is wholly owned by SharkNinja, Inc., a publicly held exempted company incorporated in the Cayman Islands. No publicly held company owns more than 10% of SharkNinja, Defendant is therefore a citizen of the United Kingdom, England, Massachusetts and Delaware for the purposes of diversity jurisdiction under 28 U.S.C. § 1332.

## JURISDICTION AND VENUE

10. This Court has subject matter jurisdiction over this case pursuant to diversity jurisdiction prescribed by 28 U.S.C. § 1332 because the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and there is complete diversity between the parties.

11. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendant is a resident and citizen of this District.

## FACTUAL BACKGROUND

12. Defendant SharkNinja is engaged in the business of designing, manufacturing, warranting, marketing, importing, distributing and selling the blenders at issue in this litigation.

13. Ninja blenders, including the Ninja blender that injured Plaintiff, essentially have three main components: a base unit which contains a high-speed motor and a gear shaft ("motor base"); a pitcher, which locks on to the motor base; and a stacked blade assembly with six sharp blades which is dropped onto the gear shaft ("blade assembly").

14. The blade assembly packaging solely consists of a thin, plastic covering. There are no other safeguards – not even cardboard – that would prevent the consumer from being lacerated upon reaching into the blender's box or unpacking the blender.

15. On the evening of June 9, 2022, Plaintiff decided to use the subject blender, which he had purchased earlier that same day, to make a protein shake.

16. However, as Plaintiff was unpacking the blender to wash it, he was cut by the blade assembly, which was uncovered and unprotected within the box and its packaging. As a result, Plaintiff sustained serious and substantial laceration injuries.

17. Plaintiff *attempted* to use his Ninja blender for its intended purpose of preparing meals and drinks for himself and/or his family and did so in a manner that was reasonable and foreseeable by Defendant.

18. However, the aforementioned Ninja blender was defectively designed and manufactured by Defendant in that its loose, unsecured blade assembly was improperly packaged.

19. Defendant's Ninja blenders possess defects that make them unreasonably dangerous for their intended use by consumers.

20. Economic, safer alternative designs (e.g. a carboard covering) were available that could have prevented the Ninja blender's blade from lacerating an unsuspecting consumer.

21. As a direct and proximate result of Defendant's intentional concealment of such defects, its failure to remove a product with such defects from the stream of commerce, and its negligent design of such products, Plaintiff used an unreasonably dangerous blender, which resulted in significant and painful bodily injuries.

22. Consequently, the Plaintiff in this case seeks damages resulting from the use of Defendant's blender as described above, which has caused the Plaintiff to suffer from serious

bodily injuries, medical expenses, physical pain, mental anguish, diminished enjoyment of life, and other damages.

## CLAIMS FOR RELIEF

### COUNT I
### NEGLIGENCE

23. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

24. Defendant had a duty of reasonable care to design, manufacture, package, market, and sell non-defective blenders that are reasonably safe for their intended use by consumers, such as Plaintiff and his family.

25. Defendant failed to exercise ordinary care in the manufacture, sale, warnings, packaging, quality assurance, quality control, distribution, advertising, promotion, sale and marketing of its blenders in that Defendants knew or should have known that said blenders created a high risk of unreasonable harm to the Plaintiff and consumers alike.

26. Defendants were negligent in the design, packaging, manufacture, advertising, warning, marketing and sale of the Ninja blenders in that, among other things, they:

   a. Failed to appropriately package the blade assembly so as to avoid the injuries described herein;

   b. Failed to warn consumers of the blade assembly and its packaging, despite ample notice that the aforementioned injuries have and do occur;

   c. Placed an unsafe product into the stream of commerce; and

   d. Were otherwise careless or negligent.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT II
## BREACH OF IMPLIED WARRANTY OF FITNESS
## FOR A PARTICULAR PURPOSE

27. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

28. Defendant manufactured, supplied, and sold its Ninja blenders with an implied warranty that they were fit for the particular purpose of blending quickly, efficiently and safely.

29. Members of the consuming public, including consumers such as the Plaintiff, were the intended third-party beneficiaries of the warranty.

30. Defendant's Ninja blenders were not fit for the particular purpose as a safe means of blending, due to the unreasonable risks of bodily injury associated with their attempted use.

31. The Plaintiff in this case reasonably relied on Defendant's representations that its Ninja blenders were a quick, effective and safe means of blending.

32. Defendant's breach of the implied warranty of fitness for a particular purpose was the direct and proximate cause of Plaintiff's injuries and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## COUNT III
## BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY

33. Plaintiff incorporates by reference each preceding and succeeding paragraph as though set forth fully at length herein.

34. At the time Defendant marketed, distributed and sold its Ninja blenders to the Plaintiff in this case, Defendant warranted that its Ninja blenders were merchantable and fit for the ordinary purposes for which they were intended.

35. Members of the consuming public, including consumers such as the Plaintiff, were intended third-party beneficiaries of the warranty.

36. Defendant's Ninja blenders were not merchantable and fit for its ordinary purpose, because they had the propensity to lead to the serious personal injuries as described herein in this Complaint.

37. Plaintiff purchased his Ninja blender with the reasonable expectation that it was properly designed and manufactured, free from defects of any kind, and that it was safe for its intended, foreseeable use of blending.

38. Defendant's breach of implied warranty of merchantability was the direct and proximate cause of Plaintiff's injury and damages.

**WHEREFORE**, Plaintiff demands judgment against Defendant for damages, together with interest and all such other relief as the Court deems proper. Plaintiff reserves the right to amend this Complaint to include a claim for punitive damages according to proof.

## INJURIES & DAMAGES

39. As a direct and proximate result of Defendant's negligence and wrongful misconduct as described herein, Plaintiff has suffered and will continue to suffer physical and emotional injuries and damages including past, present, and future physical and emotional pain and suffering as a result of the incident. Plaintiff is entitled to recover damages from Defendant for these injuries in an amount which shall be proven at trial.

40. As a direct and proximate result of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has incurred and will continue to incur the loss of full enjoyment of life and disfigurement as a result of the incident. Plaintiff is entitled to recover damages for loss of the full enjoyment of life and disfigurement from Defendant in an amount to be proven at trial.

41. As a direct and proximate cause of Defendant's negligence and wrongful misconduct, as set forth herein, Plaintiff has and will continue to incur expenses for medical care and treatment, as well as other expenses, as a result of the severe burns he suffered as a result of the incident. Plaintiff is entitled to recover damages from Defendant for his past, present and future medical and other expenses in an amount which shall be proven at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

A. That Plaintiff has a trial by jury on all of the claims and issues;

B. That judgment be entered in favor of the Plaintiff and against Defendant on all of the aforementioned claims and issues;

C. That Plaintiff recover all damages against Defendant, general damages and special damages, including economic and non-economic, to compensate the Plaintiff for his injuries and suffering sustained because of the use of the Defendant's defective blender;

D. That prejudgment interest be awarded according to proof; and

E. That this Court awards any other relief that it may deem equitable and just, or that may be available under the law of another forum to the extent the law of another forum is applied, including but not limited to all reliefs prayed for in this Complaint and in the foregoing Prayer for Relief.

The Plaintiff,

By His Attorneys

**BRODEUR-MCGAN, P.C.**

 /s/ Lisa Brodeur-McGan
Lisa Brodeur-McGan, Esq. (BBO# 556755)
lbm@brodeurmcgan.com
Brodeur-McGan, P.C.
815 North Road
Westfield MA 01085
DATED:  June 4, 2025                         Tel (413) 735-1775; Fax (413) 735-1772

*In association with:*

**JOHNSON BECKER, PLLC**

Adam J. Kress, Esq.  (MN ID #0397289)
*Pro Hac Vice to be filed*
Anna R. Rick, Esq. (MN ID #0401065)
*Pro Hac Vice to be filed*
444 Cedar Street, Suite 1800
St. Paul, MN 55101
Telephone: (612) 436-1800
Fax: (612) 436-1801
akress@johnsonbecker.com
arick@johnsonbecker.com

***Attorneys for Plaintiff***